# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
RICHARD DERR,                                            Index No.

                Plaintiff,

         -against-                                    ***SUMMONS***

SCHINDLER ELEVATOR CORPORATION, and          Basis of Venue:
UNITED NATIONS DEVELOPMENT CORP.,            Location of accident

                Defendants.
-------------------------------------------------------------------X

To the above-named Defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Location of accident is:    2 United Nations Plaza, New York, NY 10017

Dated:   New York, New York
         June 29, 2022

                                                  Yours, etc.

                                                  Hach & Rose, LLP
                                                  112 Madison Avenue, 10th Floor
                                                  New York, NY  10016

                                        By: _____
                                                 Brandon Cotter

To:

SCHINDLER ELEVATOR CORPORATION
20 WHIPPANY Road
Morristown, NJ 07960

UNITED NATIONS DEVELOPMENT CORP.
2 United Plaza, #27
New York, NY 10017

SECRETARY OF STATE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x
RICHARD DERR,                                    Index No.

                Plaintiff,

    -against-                              ***VERIFIED COMPLAINT***

SCHINDLER ELEVATOR CORPORATION, and
UNITED NATIONS DEVELOPMENT CORP.

                Defendants.
----------------------------------------------------------------x

    Plaintiff, by his attorneys, HACH & ROSE, L.L.P., complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

1. That at all times hereinafter mentioned the plaintiff was a resident of the County of Westchester, State of New York.

2. That at all times hereinafter mentioned, and on May 20, 2021, the defendant, SCHINDLER ELEVATOR CORPORATION, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

3. That at all times hereinafter mentioned, the defendant, SCHINDLER ELEVATOR CORPORATION, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

4. That at all times mentioned herein the defendant, SCHINDLER ELEVATOR CORPORATION, is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

3

5. That at all times mentioned herein the defendant, SCHINDLER ELEVATOR CORPORATION, is, was and has been a limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times mentioned herein, the defendant, SCHINDLER ELEVATOR CORPORATION, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

7. That at all times mentioned and prior thereto, and on and prior to May 20, 2021, the defendant, SCHINDLER ELEVATOR CORPORATION, was retained by the City of New York/New York City Transit Authority, to perform certain work, labor and/or services upon the elevators with 2 United Nations Plaza, New York, NY 10017.

8. That on and prior to May 20, 2021, the Defendant, SCHINDLER ELEVATOR CORPORATION, maintained the elevators at 2 United Nations Plaza, New York, NY 10017.

9. That all times hereinafter mentioned and prior thereto, and on and prior to May 20, 2021, the Defendant, SCHINDLER ELEVATOR CORPORATION, managed the elevators at 2 United Nations Plaza, New York, NY 10017.

10. That all times hereinafter mentioned and prior thereto, and on and prior to May 20, 2021,

the Defendant, SCHINDLER ELEVATOR CORPORATION, inspected the elevators at 2 United Nations Plaza, New York, NY 10017.

11. That on or prior to May 20, 2021, and at all times hereinafter mentioned, defendant, SCHINDLER ELEVATOR CORPORATION, repaired the elevators at 2 United Nations Plaza, New York, NY 10017.

12. That the aforementioned occurrence and the results thereof, including the injuries sustained by the plaintiff, were caused by and due to the negligence of the defendant, its agents, servants, employees, and/or licensees, in causing, allowing and permitting the aforesaid elevator at the aforesaid location to be, become and remain in a dangerous, defective, hazardous, and trap-like condition; in failing to repair and inspect the aforesaid elevator; in allowing the elevator to function in such a way to cause impact and crush injuries to the plaintiff, in failing to maintain the aforesaid elevator; in failing to adequately and properly repair and inspect the aforesaid elevator; in carelessly, recklessly and negligently maintaining, managing, controlling and supervising the aforesaid elevator; in failing to provide adequate warning of the dangerous and/or defective conditions existing on the aforesaid elevator; in causing, permitting and allowing a dangerous, hazardous, defective and trap-like condition existing at the aforesaid elevator at said location to exist for a period of time that the defendant knew or should have known thereof; in failing to take adequate and proper safety measures and precautions for those lawfully using said elevators and the plaintiff in particular; and in failing to provide a safe elevator for use by the general public and the plaintiff in particular by creating and/or allowing the doors and door area to become

and remain unsafe.

13. That the defendant, SCHINDLER ELEVATOR CORPORATION, is liable via the theory of Res Ipsa Loquitur.

14. That at all times hereinafter mentioned, and on May 20, 2021, the defendant UNITED NATIONS DEVELOPMENT CORP., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

15. That at all times hereinafter mentioned, the defendant, UNITED NATIONS DEVELOPMENT CORP., was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

16. That at all times mentioned herein the defendant, UNITED NATIONS DEVELOPMENT CORP., is, was and has been a domestic partnership and/or other domestic business entity doing business in the State of New York.

17. That at all times mentioned herein the defendant, UNITED NATIONS DEVELOPMENT CORP., is, was and has been a limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

18. That at all times mentioned herein, the defendant, UNITED NATIONS DEVELOPMENT CORP., transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from

interstate or international commerce.

19. That at all times mentioned and prior thereto, and on and prior to May 20, 2021, the defendant, UNITED NATIONS DEVELOPMENT CORP. was retained by the City of New York/New York City Transit Authority, to perform certain work, labor and/or services upon the elevators with 2 United Nations Plaza, New York, NY 10017.

20. That on and prior to May 20, 2021, the Defendant, UNITED NATIONS DEVELOPMENT CORP., maintained the elevators at 2 United Nations Plaza, New York, NY 10017.

21. That all times hereinafter mentioned and prior thereto, and on and prior to May 20, 2021, the Defendant, UNITED NATIONS DEVELOPMENT CORP., managed the elevators at 2 United Nations Plaza, New York, NY 10017.

22. That all times hereinafter mentioned and prior thereto, and on and prior to May 20, 2021, the Defendant, UNITED NATIONS DEVELOPMENT CORP., inspected the elevators at 2 United Nations Plaza, New York, NY 10017.

23. That on or prior to May 20, 2021, and at all times hereinafter mentioned, defendant, UNITED NATIONS DEVELOPMENT CORP., repaired the elevators at 2 United Nations Plaza, New York, NY 10017.

24. That the aforementioned occurrence and the results thereof, including the injuries sustained by the plaintiff, were caused by and due to the negligence of the defendant, its agents, servants, employees, and/or licensees, in causing, allowing and permitting the aforesaid elevator at the aforesaid location to be, become and remain in a dangerous, defective, hazardous, and trap-like condition; in failing to repair and inspect the aforesaid elevator;

7

in allowing the elevator to function in such a way to cause impact and crush injuries to the plaintiff, in failing to maintain the aforesaid elevator; in failing to adequately and properly repair and inspect the aforesaid elevator; in carelessly, recklessly and negligently maintaining, managing, controlling and supervising the aforesaid elevator; in failing to provide adequate warning of the dangerous and/or defective conditions existing on the aforesaid elevator; in causing, permitting and allowing a dangerous, hazardous, defective and trap-like condition existing at the aforesaid elevator at said location to exist for a period of time that the defendant knew or should have known thereof; in failing to take adequate and proper safety measures and precautions for those lawfully using said elevators and the plaintiff in particular; and in failing to provide a safe elevator for use by the general public and the plaintiff in particular.

25. That the defendant, UNITED NATIONS DEVELOPMENT CORP., is liable via the theory of Res Ipsa Loquitur.

26. That on May 20, 2021, plaintiff, RICHARD DERR, was lawfully upon the aforesaid premises when he was injured when the subject freight elevator gate was closing and his Plaintiff's head.

27. That the above occurrence was caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendant herein, without any fault or negligence on the part of the plaintiff contributing thereto.

28. That as a result of the negligence of the defendant, the plaintiff, RICHARD DERR, became, still is and for a long time to come, will be sick, sore, lame, bruised, injured,

8

disabled and wounded in and about the various parts of her head, limbs, body, blood vessels and surrounding tissues, and has suffered severe and extreme mental shock, anguish and psychic injuries, and that plaintiff was otherwise injured, and upon information and belief, said injuries are permanent. That by reason of the foregoing, the plaintiff was obligated to and did necessarily employ medical aid, hospital services, medicinals and medical supplies in an attempt to cure the aforesaid injuries and has been prevented from his usual duties and will be so prevented for a long time to come.

29. That by reason of the foregoing, the plaintiff, RICHARD DERR, has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New York.

WHEREFORE, the plaintiff, RICHARD DERR, demands judgment against the defendant, SCHINDLER ELEVATOR CORPORATION, in an amount exceeding the jurisdictional limits of all lower courts of the State of New York on the First Cause of Action.

WHEREFORE, the plaintiff, RICHARD DERR, demands judgment against the defendant, UNITED NATIONS DEVELOPMENT CORP., in an amount exceeding the jurisdictional limits of all lower courts of the State of New York on the First Cause of Action.

Dated: New York, New York
June 29, 2022

Yours, etc.,

Brandon Cotter
Hach & Rose, LLP
Attorneys for Plaintiff
185 Madison Avenue, 14th Floor
New York, New York 10016
(212)779-0057

9

STATE OF NEW YORK }
} ss.
COUNTY OF NEW YORK }

Brandon R. Cotter, being duly sworn, deposes and says:

That deponent is a member with HACH & ROSE, L.L.P., attorneys for Plaintiff, in the within action; that the deponent has read the foregoing **SUMMONS AND COMPLAINT** and knows the contents thereof; that the same is true to deponents knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reasons that this verification is not made by the Plaintiff and is made by deponent is that Plaintiff does/do not reside in the county where the attorney for the Plaintiff have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's beliefs as to all matters not stated upon deponent's knowledge are from investigation made on behalf of Plaintiff.

DATED: New York, New York
July 1, 2022

_____
Brandon R. Cotter, Esq.
HACH & ROSE, LLP
112 Madison Avenue, 10th Floor
New York, NY 10016
(212) 779-0057

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
RICHARD DERR,

                              Plaintiff,

       -against-

SCHINDLER ELEVATOR CORPORATION, and
UNITED NATIONS DEVELOPMENT CORP.

                            Defendants.
-------------------------------------------------------------------------X

Index No.

**NOTICE OF COMMENCEMENT OF ACTION**
**SUBJECT TO MANDATORY ELECTRONIC FILING**

      PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

      The New York State Courts Electronic: Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

      Exemptions from mandatory e-filing are limited to: I) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@couns.state.ny.us.

Dated:   New York, New York
               June 29, 2022

*/s/ Brandon R. Cotter*

Brandon R. Cotter, Esq.
HACH & ROSE, LLP
Attorney for Plaintiff
185 Madison Avenue, 14th Floor
New York, New York 10016
T.212.779.0057
F.212.779.0028